**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JULIO RODRIGUEZ-FRUITZ, a/k/a Jose
Huerta,
Defendant-Appellant.

No. 00-4178

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-239)

Submitted: July 14, 2000

Decided: August 2, 2000

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J.
Hairston, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Julio Rodriguez-Fruitz pleaded guilty to one count of conspiracy to distribute amphetamines, 21 U.S.C. § 846 (1994) (Count One), and one count of illegal reentry of a removed alien felon, 8 U.S.C.A. §§ 1326(a), (b)(2) (1999) (Count Three). He received a sixty-month sentence on Count One and a concurrent, ninety-two-month sentence on Count Three. Rodriguez-Fruitz now appeals his sentence. We affirm.

Our review of the presentence report and the sentencing transcript discloses no error. The probation officer correctly determined that Rodriguez-Fruitz's total offense level was 23. Because he was a career offender, his criminal history category was VI. See U.S. Sentencing Commission Guidelines Manual § 4B1.1 (1998). The resulting guideline range was 92-115 months.

Contrary to Rodriguez-Fruitz's argument on appeal, he did not receive a ninety-two-month sentence on Count One. Rather, the district court clearly sentenced him to the statutory maximum of five years (sixty months) for that offense. His concurrent, ninety-two-month sentence was for his conviction on Count Three. To the extent that Rodriguez-Fruitz claims that he should have been treated as a career offender only on the drug charge, which was unrelated to conviction for the immigration offense, he is mistaken. The guidelines plainly state that "[a] career offender's criminal history category in every case shall be Category VI." USSG § 4B1.1 (emphasis added).

We accordingly affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the briefs and argument would not aid the decisional process.

AFFIRMED

2